DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Vermilion Municipal Court. There, the trial court found in favor of appellee, John F. Rumancik, who was sued for failure to pay a motor vehicle repair bill. Because the trial court's judgment was against the manifest weight of the evidence, we reverse.
On November 29, 1999, appellant, Dick Baker Dodge C.P.J., Inc., filed suit in the small claims division of the Vermilion Municipal Court against appellee for an outstanding account in the amount of $999.38. The case was later transferred to the court's regular docket. Appellee did not file an answer or a counterclaim. A bench trial was held on February 24, 2000. At trial, appellant presented evidence concerning the services rendered to appellee as well as the unpaid balance. Appellee claimed he did not pay the account because his truck was damaged while being serviced by appellant.[1] Appellee presented no evidence showing appellant damaged his truck. Nevertheless, the trial court ruled against appellant's claim and found in favor of appellee on his non-existent counterclaim for damages to his truck, awarding appellee a judgment in the amount of $1,158. It is from this judgment that appellant appeals, setting forth the following assignments of error:
 "A. THE FINDINGS, CONCLUSIONS AND JUDGMENT OF THE TRIAL COURT WERE NOT SUPPORTED BY AND WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONSTITUTING AN ABUSE OF DISCRETION.
 "B. THE FINDINGS, CONCLUSIONS AND JUDGMENT OF THE TRIAL COURT REGARDING A COUNTER-CLAIM WERE NOT SUPPORTED BY AND WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONSTITUTING AN ABUSE OF DISCRETION."
Because appellant's two assignments of error relate to the manifest weight of evidence, we will address them together. When a judgment is supported by some competent, credible evidence going to all the essential elements of the case, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, 280.
Our review of the record fails to disclose any competent, credible evidence to support the trial court's judgment. Appellant presented evidence showing that appellee had not paid his account; appellee admitted that he had not paid the account. Based on this evidence, the trial court should have found in favor of appellant.
Furthermore, appellee never filed an answer or counterclaim, as required by Civ.R. 7(A) and 13(A), once the case was transferred to the court's regular docket. Thus, the trial court could not render a ruling on a counterclaim that did not exist. See Pirigyi v. McKean (1988), Ashtabula App. No. SC 5116-287, unreported.
Accordingly, appellant's assignments of error are well-taken.
The judgment of the Vermilion Municipal Court is reversed. Pursuant to App.R. 12(C), we hereby enter the judgment that the trial court should have entered; that being, judgment in favor of plaintiff-appellant in the amount of $999.38 plus costs. The court costs of this appeal are also assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J.
 Richard W. Knepper, J., Mark L. Pietrykowski, P.J., CONCUR.
[1] Appellee claimed that the unpaid balance represented the estimated cost of having his truck fixed for damages caused by appellant.